TRIBUNE ASS'N (COOK v.). See Case No. 3,165.

TRIBUNE CO. (SMITH v.). See Case No. 13,-118.

TRIGG, Ex Parte. See Case No. 2,348.

———

## Case No. 14,172.
### TRIGG v. CONWAY.
[Hempst. 538.] [1]

Circuit Court, D. Arkansas. May, 1847.

RECORDS—ATTESTATION—CERTIFICATE—NEW TRIAL.

1. A record of another state is not admissible, if the certificate of the presiding magistrate omits to state, that the attestation of the clerk is in due form.

2. Courts cannot officially know the forms of the courts of another state, and such forms should be proved in the manner directed by the act of congress of May 26, 1790 [1 Stat. 122], and the certificate of the presiding justice is the only evidence that can be received for that purpose.

3. A new trial will be granted where improper evidence has been admitted, against the objection of the adverse party.

Detinue [by Francis B. Trigg against James S. Conway].

Daniel Ringo and F. W. Trapnall, for plaintiff.

S. H. Hempstead, for defendant, contended on the motion for a new trial:

(1) That the damages were excessive. There had been no demand for the negro boy before the institution of the suit, and the suit was the only demand which he admitted to be sufficient to maintain the action, and a sufficient demand to entitle the plaintiff to damages after the suit. But an actual demand was necessary to entitle the plaintiff to recover damages for the detention before the commencement of the suit, and cited Tunstall v. McClelland, 1 Bibb, 186; Cole v. Cole's Adm'r, 4 Bibb, 340; Jones v. Henry, 3 Litt. [Ky.] 49; Carroll v. Pathkiller, 3 'Port. [Ala.] 279; Vaughan v. Wood, 5 Ala. 304; Carraway v. McNeice, Walk. [Miss.] 538; Gentry v. McKehen, 5 Dana, 34. The jury had evidently found a large amount, as damages for the detention before the suit, and without any actual demand having been made. Walk. [Miss.] 538.

[1] [Reported by Samuel H. Hempstead, Esq.]

(2) The lapse of time was sufficient to bar the action. The statute of limitations may avail a defendant in detinue under the general issue. The plea of non detinet is in the present tense, and under this issue any thing (except a pledge) which will show a better right in the defendant than in the plaintiff, may be admitted as competent evidence. Five years' uninterrupted adverse possession confers a right, which may be relied on as a perfect defence. 1 Saund. Pl. & Ev. 434; Smart v. Baugh, 3 J. J. Marsh. 365, 366; Smart v. Johnson, Id. 373.

(3) The plaintiff did not show any right to the slave demanded. This, among other slaves, devised by the father of the plaintiff to her, vested in Elias Rector, her husband, on the death of the father, and Rector had the power of disposing thereof, which he appears to have exercised by his will. Merewether v. Booker, 5 Litt. [Ky.] 258; Banks v. Marksberry, 3 Litt. [Ky.] 280, 281. Where a legacy is given to a wife during coverture, it is in effect and by law a gift to the husband himself. 1 Swift, Dig. 28; Fitch v. Ayer, 2 Conn. 143. If a husband dies without reducing it to possession, it survives to the wife, but if she dies before him, it goes to the husband. Beresford v. Hobson, 1 Madd. 362. But what is more pointed, a share of personal estate accruing in right of the wife during coverture vests even before distribution in the husband absolutely, and does not, in the event of her prior death, survive to him. Griswold v. Penniman, 2 Conn. 564; Toll. Ex'rs, 225; Swann v. Gauge, 1 Hayw. [N. C.] 3. This was no chose in action. They are debts due by bond, simple contract, and the like,—something existing in promise. 3 Litt. [Ky.] 281. The case of Gallego v. Chevalle [Case No. 5,200], relied on by the counsel of the plaintiff, is not applicable.

(4) The record of the Jefferson county court of Kentucky was improperly admitted. It was essential to the recovery of the plaintiff, and if there was an error here, a new trial must be granted. The record of the proceedings of a court of another state cannot be admitted as evidence, unless it is under the attestation of the clerk and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, that the attestation is in due form. 1 Stat. 122. This is the requisition of the act of congress. The omission to certify that the attestation or certificate is in due form is fatal, as has been frequently decided. Ferguson v. Harwood, 7 Cranch [11 U. S.] 408; 2 Pet. Cond. R. 548; Green v. Sarimento [Case No. 5,760]; Drummond's Adm'r v. Magruder, 9 Cranch [13 U. S.] 122; 3 Pet. Cond. R. 304; Craig v. Brown [Case No. 3,328]; Smith v. Blagge, 1 Johns. Cas. 238; Stephenson v. Bannister, 3 Bibb, 369.

In this record the judge merely states that the person attesting the record as clerk was such at the time, and that full faith and credit are due to his official acts, but wholly omits to state that the certificate or attestation is in due form.

OPINION OF THE COURT. On the trial of this cause, the counsel for the defendant made two objections to the admissibility of the record from the Jefferson county court of Kentucky: First, that it was not properly authenticated; and second, that it purported on its face to be a partial record. This record is conceded on all hands to have been indispensable to a recovery on the part of the plaintiff; and, as the jury have found for her, it follows, as a necessary consequence, that a new trial must be granted on this ground alone, if that record was not admissible, irrespective of the other points urged by the defendant's counsel, and on which no opinion is intended to be expressed. The counsel of the defendant has produced a number of adjudged cases of controlling authority, and which are conclusive, to show, that the first objection made by him to the admissibility of the record, was tenable, and should have been sustained. The specific objection to it is, that the presiding magistrate has omitted the statement in his certificate, that the attestation of the clerk is in due form. This is a fatal defect, as the cases cited by him demonstrate. And other cases to the same effect will be found industriously collected, in note 771, by Cowen and Hill, in 3 Phil. Ev. 1120, 1132. The act of congress of May 26, 1790 (1 Stat. 122), expressly declares that "the records and judicial proceedings of the courts of any state shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form." And when so authenticated, they are entitled to the same faith and credit as in the courts of the state from whence the same are taken.

In Smith v. Blagge, 1 Johns. Cas. 238, it was said by the court: "We cannot officially know the forms of another state, and therefore they ought to be proved. The act of congress directs the mode of proof, and requires that the presiding judge of the court from which the copy is obtained, shall certify that the attestation is in due form." Hence a mere certificate verifying the handwriting of the clerk is not enough. Craig v. Brown [supra].

The intention of the act of congress was, not that the attestation should be according to the form used in the state where offered, or to any other form generally observed, but according to the forms of the court where the proceeding was had; and the certificate of the presiding judge is the only evidence that can be received that such form has been observed. The record not being admissible,

it follows, that a new trial must be granted, the costs to abide the event of the suit. Ordered accordingly.

[NOTE. The plaintiff subsequently removed to and became a citizen of Arkansas, and after her death John T. Trigg, also of Arkansas, became administrator, and moved to be substituted as plaintiff, and for a sci. fa. to bring in the representatives of James S. Conway, deceased. The motions were granted. Case No. 14,173.]